## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KATRINA MICHAELIS,

        Plaintiff,

     v.                            Case No. 05-2351-KHV-GLR

DELUXE FINANCIAL SERVICES, INC.,

        Defendant.

### STIPULATED PROTECTIVE ORDER

Plaintiff Katrina Michaelis ("Plaintiff") and defendant Deluxe Financial Services, Inc. ("Defendant"), having stipulated to the terms of this Order, and for good cause shown, it is hereby **ORDERED**:

        1.      **Good Cause for this Order.**  The allegations and defenses in this action may put at issue defendant's financial and/or net worth information, as well as information related to defendant's trade secrets or other confidential, nonpublic business information.  The allegations and defenses in this action may also put at issue defendant's confidential human resources policies and employee benefits plans, and the personnel, medical and/or human resources files and salary and benefits information with respect to plaintiff, as well as defendant's current or former employees who are not parties to this action.

        Defendant has undertaken significant time and expense in safeguarding and closely monitoring the confidentiality of its trade secrets, proprietary nonpublic business information and information related to its finances and net worth.  The disclosure of this confidential business information would be detrimental to the business of defendant.  Likewise, documents pertaining to defendant's

employee benefits plans, its human resources policies and procedures, and the personnel, medical

and/or human resources files and salary and benefits information related to plaintiff and defendant's

current and former employees is confidential as to defendant and its employees and agents.   It is of

paramount importance to protect the private and confidential information of both parties and nonparties

from undue and unnecessary disclosure.

Accordingly, pursuant to Fed. R. Civ. P. 23(c)(7), good cause exists for this Protective

Order.  It is necessary to protect the parties to this lawsuit, as well as those individuals and entities not

parties to this lawsuit from annoyance, embarrassment or injury to their personal, financial or business

reputations and/or well-being.

2.      **Designation of Confidential Documents.**  Any party to this action shall be

entitled to designate a document confidential by stamping "CONFIDENTIAL" on the face of the first

page thereof.  Such confidential documents shall consist of:

(1)  the confidential and proprietary business records of defendant

reflecting defendant's financial and/or net worth information, including, but not limited to, tax returns,

annual reports, profit and loss statements and balance sheets;

(2)  the confidential and proprietary business records of defendant reflecting defendant's

employee benefits plans and human resources policies and procedures, including, but not limited to,

employee handbooks and written policies, contracts, agreements and correspondence between Deluxe

and any third party administrator of its employee benefits plans, employee benefits plan documents, and

documents reflecting the funding, structure and administration of any of defendant's employee benefits

2

plans.

(3)   confidential human resources records documenting any internal investigation by defendant, including, but not limited to, documents reflecting the internal investigation of plaintiff's Compliance Hotline Calls;

(4)   the personnel, medical and/or human resources files or salary and/or benefits information of any of defendant's current or former employees who are not parties to this lawsuit;

(5)   plaintiff's medical, employment and/or tax records; and

(6)   the trade secret or confidential or proprietary nonpublic business information of defendant.

Any material so designated shall be deemed subject to the terms of this Protective Order and shall be utilized only for the prosecution or defense of this case.  In the event either party opposes a confidential designation, the party shall first try to resolve the matter on an informal basis.  If the dispute cannot be resolved informally, the party opposing the confidentiality of the information may seek intervention of the Court to determine whether such documents are entitled to protection.  The information shall be treated as confidential pending a ruling by the Court.  The inadvertent failure to designate material as "Confidential" does not preclude a party from subsequently making such a designation, and, in that case, the material is treated as confidential only after being properly designated.

**3.**      Non-Disclosure of Confidential Documents.  Except with the prior written consent of the party that produced the confidential document, or as hereinafter provided under this order, no confidential document may be disclosed to any person.

A "confidential document" means any document (including data compilations in electronically readable form) which is identified as set forth herein by the party making disclosure of the document as subject to this confidentiality order.  Included in this definition is (i) any data which is furnished on a computer disk which the party producing the data designates in advance as confidential and (ii) any paper document which is marked with the legend (or which shall otherwise have had the legend recorded upon it in a way that brings its attention to a reasonable examiner) "CONFIDENTIAL" to signify that it contains information to be believed to be subject to protection under this Order.  For purposes of this order the term "document" means all written, recorded, electronically readable or graphic material, whether produced or created by a party or another person, whether produced pursuant to a document request, subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials that would otherwise be entitled to protection under this Protective Order shall not be entitled to protection unless upon separate, specific motion by the moving party, showing good cause for such confidential designation, and later order of the Court.

      **4.**      **Permissible Disclosures of Documents.**  Notwithstanding paragraph 3, confidential documents marked or designated "CONFIDENTIAL" may be disclosed to the parties in this action; to counsel for the parties in this action who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegal assistants, legal assistants, law clerks and employees of such an attorney to the extent reasonably necessary to render knowledge of the

documents or the confidential information contained therein, and their agents; and to members of the jury and court personnel involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the court).  Such documents may also be disclosed:

(a)     to any person designated by the court in the interest of justice, upon such terms as the court may deem proper; and

(b)     to any witness to the extent counsel has a good faith belief that the document reasonably relates to the potential testimony of such witness; to outside consultants or experts retained for the purpose of assisting counsel in the litigation; to employees of parties involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system; and to employees of third-party contractors performing one or more of these functions; provided, however, that in all such cases the individual to whom disclosure is to be made has been informed that the information contained in the disclosed document(s) is confidential and protected by Court Order, that the individual understands that he/she is prohibited from disclosing any information contained in the document(s) to anyone, and that unauthorized disclosure could constitute contempt of court.  To protect the attorney work-product privilege, the form signed by consulting experts who are consulted by counsel for purposes of providing advice to counsel or developing expert testimony for trial may be filed with the court in camera to avoid disclosure of the identity of such experts.

**5.    Confidential Information in Depositions.**

(a)    A deponent may during the deposition be shown, and examined about, confidential documents if the deponent already knows the confidential information contained therein or if the provisions of paragraph 4(b) are complied with.  Deponents shall not retain or copy portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent unless they sign the form prescribed in paragraph 4(b).  A deponent who is not a party or representative or employee of a party shall be furnished a copy of this order before being examined about, or asked to produce, potentially confidential documents.

(b)    Parties (and deponents) may, within 30 days after receiving a deposition, designate pages of the transcript (and exhibits thereto) as confidential.  Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the legend "Confidential-Subject to protection pursuant to Court Order," and providing a copy to the non-designating party within 30 days of receiving the transcript.  If a timely designation is made, the deposition transcript (and exhibits thereto) shall only be entitled to protection upon separate, specific motion by the moving party, showing good cause for such confidential designation, and later order of the Court.

**6.    Confidential Information at Trial.**    Subject to Kansas evidentiary law, confidential documents and other confidential information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives reasonable notice to counsel for the

party that designated the information as confidential and the Court.  Any party may move the court for

an order that the evidence be received in camera or under other conditions to prevent unnecessary

disclosure.  The moving party bears the burden of demonstrating good cause for such an order.  The

court will then determine whether the proffered evidence should continue to be treated as confidential

information and, if so, what protection, if any, may be afforded to such information at the trial.

    **7.**  **Subpoena by Other Courts or Agencies.**  If another court or an

administrative agency subpoenas or orders production of confidential documents which a party has

obtained under the terms of this order, such party shall promptly notify the party or other person who

designated the document as confidential of the pendency of such subpoena or order.

    **8.**  **Filing Confidential Documents.**  To the extent that either party desires to

attach or quote a document or testimony or portion thereof, previously designated "confidential"

pursuant to the terms of this order, in a pleading or other document filed or presented to the Court, such

may be filed under seal only upon separate, specific motion by the moving party, demonstrating good

cause, and later order of the Court.

    **9.**  **Use**.  Persons obtaining access to confidential documents under this order shall

use the information only for preparation and trial of this litigation (including appeals and retrials), and

shall not use such information for any other purpose, including business, governmental, commercial, or

administrative or judicial proceedings.

    **10.**  **Non-Termination.**  The provisions of this order shall not terminate at the

conclusion of these actions.  Within 60 days after final conclusion of all aspects of this litigation,

confidential documents and all copies of same (other than exhibits of record) shall be returned to the party that produced the confidential document.  All counsel of record shall make certification of compliance herewith and shall deliver the same to opposing counsel not more than 90 days after final termination of this litigation.

      **11.**    **Modification Permitted.**  Nothing in this order shall prevent any party or other person from seeking modification of this order or from objecting to discovery that it believes to be otherwise improper.

      **12.**    **Responsibility of Attorneys.**  The attorneys of record are responsible for employing reasonable measures to control, consistent with this order, duplication of, access to, and distribution of copies of confidential documents.  Parties shall not duplicate any confidential document except working copies and for filing in court under seal.

      **IT IS SO ORDERED.**

      Dated in Kansas City, Kansas, this 6th day of December, 2005.

                              s/ Gerald L. Rushfelt
                              Gerald L. Rushfelt
                              United States Magistrate Judge

## APPROVED AS TO FORM AND CONTENT

**SLOAN, EISENBARTH, GLASSMAN,**    **STINSON MORRISON HECKER LLP**
**McENTIRE & JARBOE, L.L.C.**

By: _/s/  Alan V. Johnson_        By: _/s/  Erin C. Kobler_

    Stephen D. Lanterman  KS #18844     Scott C. Hecht  KS #16492
    Alan V. Johnson  KS #9992         Erin C. Kobler  KS #21511
    534 S. Kansas Avenue, Suite 1000     1201 Walnut, Suite 2900
    Topeka, Kansas 66603          Kansas City, MO 64106-2150
    Telephone (785) 357-6311       Telephone (816) 842-8600
    Facsimile (785) 357-0152       Facsimile (816) 691-3495

**ATTORNEYS FOR PLAINTIFF**      **ATTORNEYS FOR DEFENDANT**
**KATRINA MICHAELIS**           **DELUXE FINANCIAL SERVICES, INC.**