IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KATRINA MICHAELIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 05-2351-KHV |
| DELUXE FINANCIAL SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion To Dismiss Plaintiff's Jury Demand And Request For Legal Relief (Doc. #7) filed September 13, 2005. For reasons stated below, the Court overrules defendant's motion.

## **Factual Background**

Plaintiff's complaint alleges the following facts:

From September of 1993 through April 1, 2005, defendant employed plaintiff. Hartford Benefit Management Services ("Hartford") administered defendant's health and disability benefits. In the spring of 2004, plaintiff began experiencing a number of health problems. Hartford approved a series of plaintiff's claims for disability benefits for the period from June 30 through October 8, 2004. For the period after October 8, 2004, Hartford requested documentation from plaintiff's treating psychiatrist. After reviewing the documentation, Hartford denied plaintiff's claim for benefits from October 8 through November 29, 2004. Plaintiff appealed the decision. On March 29, 2005, Hartford reversed its decision and extended plaintiff's disability benefits through November 29, 2004.

On March 31, 2005, shortly after plaintiff learned of Hartford's decision to award benefits through November 29, 2004, she took a break at work. While on break, she jumped and spun around. Two supervisors witnessed plaintiff's "celebration" and asked her why she was so happy. Plaintiff responded that she was "taking the fifth." The next day, on April 1, 2005, one of plaintiff's supervisors informed her that "taking the fifth" would not be tolerated, that such conduct was not the "Deluxe Way" and that because of her conduct, her employment would be terminated immediately.

On August 9, 2005, plaintiff filed a single claim of retaliation in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* Plaintiff seeks back pay, reinstatement or front pay, lost benefits and attorneys fees and costs. Defendant seeks dismissal of plaintiff's claims for back pay, front pay, and lost benefits, and her demand for a jury trial.[1]

## Standards For Motions To Dismiss Under Rule 12(b)(6)

A Rule 12(b)(6) motion should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences from those facts in favor of plaintiff. See Shaw v. Valdez, 819 F.2d 965, 968 (10th Cir. 1987). In reviewing the sufficiency of plaintiff's complaint, the issue is not whether plaintiff will prevail, but whether plaintiff is entitled to offer evidence to support her claims. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Although plaintiff need not precisely state each element of her claims, she must

---

[1] Defendant's motion does not contest plaintiff's claims for reinstatement and attorneys fees and costs.

plead minimal factual allegations on those material elements that must be proved. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

## Analysis

**I.      Claims For Back Pay, Front Pay And Lost Benefits**

Defendant argues that the Court should dismiss plaintiff's claims for back pay, front pay and lost benefits because they constitute legal relief which is not available under ERISA. ERISA Section 510 prohibits retaliation against an employee for exercising any right to which she is entitled under the provisions of an employee benefit plan. 29 U.S.C. § 1140. ERISA Section 502(a)(3) allows an employee to file suit for "appropriate equitable relief." 29 U.S.C. § 1132(a)(3). Under Section 502(a)(3), "equitable relief" means those categories of relief that were "typically available in equity." Mertens v. Hewitt Assocs., 508 U.S. 248, 256 (1993). Plaintiff generally cannot recover compensatory damages under Section 502(a)(3) because they are based on plaintiff's loss rather than defendant's gain. Millsap v. McDonnell Douglas Corp., 368 F.3d 1246, 1254 (10th Cir. 2004).

In Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204 (2002), the Supreme Court addressed the scope of equitable relief which is available under Section 502(a)(3). To define the scope of appropriate equitable relief, the Supreme Court looked at the historical distinction between actions at law and those in equity and, in particular, the distinction between restitution at law and restitution in equity. Restitution at law was generally available where a plaintiff could not assert title or right to possession of particular property, but could show just grounds for recovering money to pay for some benefit which defendant had received from him. Id. at 213. Because plaintiff in such a case sought to obtain a judgment imposing personal liability upon defendant, courts characterized such claims as legal ones. Id. In contrast,

3

restitution in equity ordinarily was available "where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession." Id.  Because the plaintiff in Great-West did not seek restoration of particular funds or property in defendant's possession, the Supreme Court characterized the remedy as a legal one not available under Section 502(a)(3).

In this case, plaintiff argues that her claim for back pay and lost benefits is "incidental to or intertwined with reinstatement," which is an equitable remedy.  The Supreme Court has recognized that a claim which seeks a monetary award may be considered an equitable one if it is "incidental to or intertwined with injunctive relief [or reinstatement]." Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry, 494 U.S. 558, 571 (1990); see Millsap, 368 F.3d at 1255.  In Millsap, plaintiffs alleged that defendant closed a particular plant to prevent them from attaining eligibility for benefits under their pension and health care plans.  See id. at 1248.  Plaintiffs requested damages, an order requiring defendant to make restitution to their benefit plans and any other equitable or remedial relief.  The district court bifurcated the case into liability and remedial phases.  After a bench trial, the district court concluded that defendant had violated Section 510 of ERISA.  In the remedial phase, plaintiffs argued that defendant's violation entitled them to lost benefits, back pay and reinstatement, or front pay in lieu of reinstatement.  See id. at 1249.  The district court ruled that reinstatement and front pay were not appropriate because it could not find that absent defendant's retaliatory action, the plant would still be open.  It held, however, that plaintiffs could recover back pay as "equitable relief" under ERISA Section 502(a)(3).  See id.  The Tenth Circuit reversed, reasoning that plaintiffs' claim for back pay was "legal relief" which was unavailable under ERISA.  See id.

4

In Millsap, the Tenth Circuit rejected plaintiffs' argument that their back pay claim was equitable because it was "a monetary award incidental to or intertwined with reinstatement." Id. at 1255. Millsap noted that the "incidental to or intertwined with" exception did not apply where plaintiffs sought only back pay and benefits. See id.; see also Great-West, 534 U.S. at 218 (when plaintiff sought back pay absent other equitable relief, back pay was legal relief not authorized by Section 502(a)(3)); Terry, 494 U.S. at 562-63, 571 (back pay and lost benefits not available after plaintiffs dismissed claim for reinstatement when remedy became unavailable after employer filed bankruptcy). Millsap also noted that even if the district court had not dismissed plaintiff's request for reinstatement, the "incidental to or intertwined with" exception would not apply. See Millsap, 368 F.3d at 1256. Because plaintiffs sought more than $90 million in back pay, the potential award was not merely "incidental" to their request for reinstatement. See id. at 1257. In addition, because plaintiffs could only seek equitable relief under Section 502(a)(3), their back pay claim for monetary damages could not be considered "intertwined" with their reinstatement claim. See id.

Here, defendant argues that Millsap precludes plaintiff's claim for back pay and lost benefits. Plaintiff maintains that Millsap does not apply because plaintiffs in that case sought back pay as a stand-alone remedy and not in conjunction with their dismissed claim for reinstatement. Even where back pay is sought in conjunction with equitable relief such as restatement, however, plaintiff must show that the claim for back pay is "incidental to or intertwined with" the claim for equitable relief. See id. at 1256-57. Plaintiff seeks "in excess of $100,000, consisting of back pay, reinstatement or front pay, lost benefits, attorneys fees and costs." Complaint (Doc. #1) filed August 9, 2005 at 5. The Court is doubtful that plaintiff's claims for back pay and lost benefits will survive summary judgment under Millsap. Based on the general allegations of the complaint, however, the Court cannot determine as a matter of law that plaintiff's claim

5

for back pay and lost benefits is not "incidental" to her claim for reinstatement.[2]  The Court therefore must overrule defendant's motion to dismiss plaintiff's claim for back pay and lost benefits.

Defendant next argues that Great-West and Millsap preclude plaintiff's claim for front pay.  Plaintiff maintains that her claim for front pay should be considered equitable in nature because it is ordinarily awarded when the remedy of reinstatement is not appropriate.  Since Great-West, district courts have reached different conclusions whether a plaintiff can recover front pay under Section 502(a)(3).  Compare DePace v. Matsushita Elec. Corp., 257 F. Supp.2d 543, 565-66 (E.D.N.Y. 2003) (as alternative to reinstatement, front pay is equitable remedy); Kollman v. Hewitt Assocs., LLC, 2004 WL 1211961, at *4 (E.D. Pa. Apr. 14, 2004) (monetary damages may be appropriate alternative remedy to reinstatement) with Kollman v. Hewitt Assocs., LLC, 2005 WL 1941658, at *9 (E.D. Pa. Aug. 11, 2005) (sustaining

---

[2]     As explained above, Millsap held that a back pay claim for money damages cannot be considered "intertwined" with a reinstatement claim because a plaintiff under Section 502(a)(3) can only seek equitable relief.  See Millsap, 368 F.3d at 1257.  Millsap also noted that the remedies of back pay and reinstatement are not intertwined with each other because they are in no way dependent upon one another.  Id. at 1257 n.14.  Accordingly, plaintiff here cannot assert a claim for back pay and lost benefits under the "intertwined with" exception.

Plaintiff may be able to show that her claim for back pay and lost benefits satisfies the "incidental to" exception.  In Millsap, the majority rejected the dissent's suggestion that back pay should be characterized as equitable whenever the award is requested with reinstatement.  See id., 368 F.3d at 1256 n.12.  The majority noted that in at least one other case in which plaintiff requested reinstatement, the Tenth Circuit had rejected a claim that back pay was equitable because "the focus of the plaintiff's complaint was on the recovery of legal damages." Id. (citing Skinner v. Total Petro., Inc., 859 F.2d 1439, 1444 (10th Cir. 1988)).  Millsap emphasizes that back pay should be considered a legal remedy which is unavailable under ERISA unless plaintiff can satisfy the limited exception for relief that is "incidental to" her request for reinstatement.  Millsap did not set forth precisely how minimal the claims for back pay must be to satisfy the "incidental to" exception.  Based on the broad nature of plaintiff's complaint in this case, however, the Court cannot find beyond doubt that plaintiff "can prove no set of facts in support of [her] claim which would entitle [her] to relief." Conley, 355 U.S. at 45-46.  At the same time, it is difficult to envision how plaintiff can seek or recover any appreciable amount of back pay in this case without converting her claim for back pay to one that is more than "incidental to" her claim for reinstatement.

motion for summary judgment on claim for front pay where no readily traceable funds over which constructive trust or other equitable remedy could be imposed); Serpa v. SBC Telecomms., Inc., 318 F. Supp.2d 865, 873-874 (N.D. Cal. 2004) (front pay and lost benefits are legal restitution which is unavailable under Section 502(a)(3) and Great-West). The Court need not address the issue at this stage because plaintiff's claim for reinstatement is clearly equitable in nature. See Lorillard v. Pons, 434 U.S. 575, 583 n.11 (1978) (judgments compelling employment, reinstatement or promotion are equitable). If plaintiff establishes that defendant violated ERISA, and reinstatement is not appropriate, the Court will address whether front pay is an appropriate equitable alternative under ERISA. The Court overrules defendant's motion to dismiss on this issue.

## II.     Jury Trial

Defendant argues that plaintiff is not entitled to a jury trial on her claim because claims under ERISA Section 502(a)(3) are equitable in nature.[3] In Millsap, the Tenth Circuit classified back pay as legal relief. See 368 F.3d at 1254-56. As noted above, at this stage, the Court cannot determine as a matter

---

[3]     Defendant cites a number of cases which have held that where the legal remedy sought under ERISA Section 502(a)(1)(B) is "incidental to or intertwined with equitable relief" and the combined remedy is predominately equitable, the Seventh Amendment does not provide a right to a jury trial. See, e.g., Adams v. Cyprus Amax Minerals Co., 149 F.3d 1156, 1162 (10th Cir. 1998); Tischmann v. ITT/Sheraton Corp., 145 F.3d 561, 568 (2d Cir.), cert. denied, 525 U.S. 963 (1998). Plaintiff argues that she is entitled to a jury trial because she also seeks back pay as a remedy which is legal in nature. The Tenth Circuit, however, has held that where the legal remedy sought under ERISA Section 502(a)(1)(B) is "incidental to or intertwined with equitable relief" and the combined remedy is predominately equitable, the Seventh Amendment does not provide a right to a jury trial. See Adams, 149 F.3d at 1162. The Court need not determine whether Adams applies to claims under Section 502(a)(3). Even under the standard articulated in Adams, the Court cannot determine as a matter of law that plaintiff's legal claim for back pay and lost benefits is "incidental" to her claim for reinstatement or whether the combined remedy is predominately equitable.

of law that plaintiff's claim for back pay and lost benefits is not "incidental" to her claim for reinstatement. Accordingly, plaintiff may be entitled to a jury trial on her claim for back pay and lost benefits. See Tull v. United States, 481 U.S. 412, 425 (1987) (where equitable and legal claims are joined in same action, right to a jury trial on legal claims must not be infringed either by trying legal issues as incidental to equitable ones or by court trial on common issue between the claims); Curtis v. Loether, 415 U.S. 189, 196 n.11 (1974) (same); Ross v. Bernhard, 396 U.S. 531, 537-38 (1970) (same). The Court therefore overrules defendant's motion to dismiss plaintiff's demand for a jury trial.

**IT IS THEREFORE ORDERED** that Defendant's Motion To Dismiss Plaintiff's Jury Demand And Request For Legal Relief (Doc. #7) filed September 13, 2005 be and hereby is **OVERRULED**.

Dated this 5th day of January, 2006 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Court
