IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KATRINA MICHAELIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 05-2351-KHV |
| DELUXE FINANCIAL SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

Katrina Michaelis filed suit against her former employer, Deluxe Financial Services, Inc. ("Deluxe"). Plaintiff alleges that Deluxe terminated her employment in retaliation for her appeal of the decision of the employee benefits plan administrator to deny her disability benefits in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. This matter is before the Court on Defendant's Motion For Partial Summary Judgment (Doc. #29) filed May 3, 2006. For reasons stated below, the Court sustains defendant's motion.

## Summary Judgment Standards

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); accord Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Vitkus v. Beatrice Co., 11 F.3d 1535, 1538-39 (10th Cir. 1993). A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." Anderson, 477 U.S. at 248. A "genuine" factual dispute requires more than a mere scintilla of

evidence. Id. at 252.

The moving party bears the initial burden of showing the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hicks v. City of Watonga, 942 F.2d 737, 743 (10th Cir. 1991). Once the moving party meets its burden, the burden shifts to the nonmoving party to demonstrate that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof." Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990); see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991). The nonmoving party may not rest on his pleadings but must set forth specific facts. Applied Genetics, 912 F.2d at 1241.

"[W]e must view the record in a light most favorable to the parties opposing the motion for summary judgment." Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir. 1991). Summary judgment may be granted if the nonmoving party's evidence is merely colorable or is not significantly probative. Anderson, 477 U.S. at 250-51. "In a response to a motion for summary judgment, a party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial." Conaway v. Smith, 853 F.2d 789, 794 (10th Cir. 1988). Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52.

## **Factual Background**

The following material facts are uncontroverted, deemed admitted or, where disputed, viewed in the light most favorable to plaintiff, the non-movant.

From September 27, 1993 through April 1, 2005, defendant employed plaintiff as a machine operator at its imprint plant. Hartford Benefit Management Services ("Hartford") administered defendant's health and disability benefits. In the spring of 2004, plaintiff began experiencing a number of health problems. Hartford approved a series of plaintiff's claims for disability benefits for the period from June 30 through October 8, 2004. For the period after October 8, 2004, Hartford requested documentation from plaintiff's treating psychiatrist. After reviewing the documentation, Hartford denied plaintiff's claim for benefits from October 8 through November 28, 2004. On February 7, 2005, plaintiff appealed the decision. On March 29, 2005, Hartford reversed its decision and extended plaintiff's disability benefits through November 28, 2004.

On March 31, 2005, shortly after plaintiff learned of Hartford's decision to award benefits through November 28, 2004, she met with Steve Oshinski, assistant operations manager, and Dan Schwartz, operations manager. Plaintiff alleges that Oshinski and Schwartz asked her why she was so happy and that she responded that she was "taking the fifth." The next day, April 1, 2005, plaintiff met with Randy White, her supervisor, and Chris Gajewski, the human resources manager. White and Gajewski informed plaintiff that her employment was terminated. Plaintiff alleges that White told her that "taking the fifth" would not be tolerated, that such conduct was not the "Deluxe Way" and that because of her conduct, her employment was terminated immediately.

On August 9, 2005, plaintiff filed a single claim of retaliation in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* Plaintiff seeks back pay, reinstatement or front pay, lost benefits and attorneys fees and costs. Defendant seeks summary judgment on plaintiff's claims

for back pay and lost benefits, and her demand for a jury trial.[1]

## Analysis

**I.     Claims For Back Pay And Lost Benefits**

Defendant argues that it is entitled to summary judgment on plaintiff's claims for back pay and lost benefits because they constitute legal relief which is not available under ERISA. ERISA Section 510 prohibits retaliation against an employee for exercising any right to which she is entitled under the provisions of an employee benefit plan. 29 U.S.C. § 1140. ERISA Section 502(a)(3) allows an employee to file suit for "appropriate equitable relief." 29 U.S.C. § 1132(a)(3). Under Section 502(a)(3), "equitable relief" means those categories of relief that were "typically available in equity." Mertens v. Hewitt Assocs., 508 U.S. 248, 256 (1993). Plaintiff generally cannot recover compensatory damages under Section 502(a)(3) because they are based on plaintiff's loss rather than defendant's gain. Millsap v. McDonnell Douglas Corp., 368 F.3d 1246, 1254 (10th Cir. 2004).

In Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204 (2002), the Supreme Court addressed the scope of equitable relief which is available under Section 502(a)(3). To define the scope of appropriate equitable relief, the Supreme Court looked at the historical distinction between actions at law and those in equity and, in particular, the distinction between restitution at law and restitution in equity. Restitution at law was generally available where a plaintiff could not assert title or right to possession of particular property, but could show just grounds for recovering money to pay for some benefit which defendant had received from plaintiff. Id. at 213. Because plaintiff in such a case sought to obtain a

---

[1] Defendant's motion does not contest plaintiff's claims for reinstatement, front pay and attorneys fees and costs.

judgment imposing personal liability upon defendant, courts characterized such claims as legal ones. Id. In contrast, restitution in equity ordinarily was available "where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession." Id. Because the plaintiff in Great-West did not seek restoration of particular funds or property in defendant's possession, the Supreme Court characterized the remedy as a legal one not available under Section 502(a)(3).

In this case, plaintiff argues that her claim for back pay and lost benefits is "incidental to" her claim for reinstatement, which is an equitable remedy.[2] Defendant argues that (1) in Millsap, the Tenth Circuit held that the "incidental to or intertwined with" exception does not apply under ERISA Section 502(a)(3); and (2) as a factual matter, plaintiff's claims for back pay and lost benefits are not "incidental to" her request for reinstatement. The Court rejects defendant's first argument for the reasons stated in its order of January 5, 2006. See Memorandum And Order (Doc. #14) at 4-6. In particular, Millsap emphasizes that back pay should be considered a legal remedy which is unavailable under ERISA Section 502(a)(3) *unless* plaintiff can satisfy the limited exception for relief that is "incidental to" a request for reinstatement. See Millsap, 368 F.3d at 1256-57.

As to defendant's second argument, the Court previously held that based on the general allegations of the complaint, plaintiff may be able to show that her claim for back pay and lost benefits satisfies the "incidental to" exception. See Memorandum And Order (Doc. #14) at 5-6. The Court noted, however,

---

[2] On defendant's motion to dismiss, the Court held that plaintiff's claim for back pay and lost benefits is not "intertwined with" her claim for reinstatement. Plaintiff now concedes that she cannot satisfy the "intertwined with" exception. See Plaintiff's Memorandum In Opposition To Motion For Summary Judgment (Doc. #33) filed June 1, 2006 at 2.

that "it is difficult to envision how plaintiff can seek or recover any appreciable amount of back pay in this case without converting her claim for back pay to one that is more than 'incidental to' her claim for reinstatement." Id. at 6 n.2. Defendant now claims that it is entitled to summary judgment on this issue. For reasons stated below, the Court agrees.

Millsap noted that because plaintiffs in that case sought more than $90 million in back pay, the potential award was not merely "incidental" to their request for reinstatement. See Millsap, 368 F.3d at 1257. Millsap did not set forth precisely how minimal the claims for back pay must be to satisfy the "incidental to" exception. "Incidental" is ordinarily defined as "happening in fortuitous or subordinate conjunction with something else,"[3] and "being likely to ensue as a chance or minor consequence."[4] In the context of this case, an award of back pay and lost benefits cannot be considered as happening in fortuitous or subordinate conjunction with reinstatement because the award of back pay and lost benefits is in no way dependent on reinstatement. See Plaintiff's Memorandum In Opposition To Motion For Summary Judgment (Doc. #33) filed June 1, 2006 at 2. In addition, an award of back pay and lost benefits would not be insignificant or of minor importance because plaintiff seeks some $56,000. Plaintiff emphasizes that because she seeks $760,000 in front pay in lieu of reinstatement (for 20 years at $38,000 a year), an award of $56,000 would be merely incidental. Initially, the Court cannot envision how plaintiff would be

---

[3] The Random House Dictionary 444 (1980), quoted in Trust v. County of Yuma, 69 P.3d 510, 513 (Ariz. Ct. App. 2003); see Black's Law Dictionary 777 (8th ed. 2004) ("[s]ubordinate to something of greater importance; having a minor role"); Webster's II New Riverside University Dictionary (1988) 618 ("Occurring or apt to occur as an unpredictable or minor concomitant" to something else).

[4] Webster's Third New Int'l Dictionary 1142 (1986); see In re Adoption of McMullen, 236 Kan. 348, 351, 691 P.2d 17, 20 (1984) ("incidental" defined as "casual; of minor importance; insignificant; [and] of little consequence").

6

entitled to 20 years of front pay. The availability of front pay is limited where other work opportunities are reasonably available. See Davoll v. Webb, 194 F.3d 1116, 1144 (10th Cir. 1999). Plaintiff likely could become re-employed at a similar position with another company within a relatively short time period. Even if she is entitled to five years of front pay, or $190,000, the amount of back pay and lost benefits requested is more than 25 per cent of that amount, or more than an "incidental" amount.[5]

Plaintiff argues that Millsap treated the term "incidental" to mean "integral" and that back pay is "integral" in the sense that it is a necessary component of providing a complete, overall equitable remedy for plaintiff's wrongful discharge. Under Millsap, however, the issue is whether back pay is integral to the equitable remedy of reinstatement, not to some general notion of equity. Plaintiff concedes that back pay and reinstatement in no way depend on each other. Absent a dependent relationship between the two remedies, one cannot be "integral" to the other. In addition, if the Court interpreted "incidental" as plaintiff suggests, nearly every claim for back pay or other legal damages would be permitted under ERISA Section 502(a)(3). Millsap, however, suggests that ordinarily back pay, as a legal remedy, is unavailable under ERISA Section 502(a)(3) unless plaintiff can satisfy the limited exception for relief that is "incidental to" a claim for reinstatement. See Millsap, 368 F.3d at 1256-57.

Because plaintiff's claim for back pay and lost benefits is not incidental to or intertwined with plaintiff's claim for reinstatement, the Court sustains defendant's motion for summary judgment on plaintiff's

---

[5] In addition, even if the Court assumes that plaintiff is entitled to 20 years of front pay, any award of front pay must be reduced to present value. See Davoll, 194 F.3d at 1144. Assuming a conservative five per cent discount rate, plaintiff's total requested front pay award would be approximately $474,000. In that scenario, the amount of back pay and lost benefits requested is more than 10 per cent of the front pay award, again more than an "incidental" amount.

claim for back pay and lost benefits.[6]

## II.   Jury Trial

Defendant argues that plaintiff is not entitled to a jury trial because claims under ERISA Section 502(a)(3) are equitable in nature. Plaintiff argues that she is entitled to a jury trial because but for the preemptive effect of ERISA, she would have a legal remedy under Kansas law for retaliatory discharge in violation of public policy.[7]  The Court disagrees.

The Tenth Circuit has not addressed the issue, but two federal circuit courts have held that Congress is free to preempt a state claim which provides for a jury trial with a federal claim that does not. See Martin v. Telectronics Pacing Sys., Inc., 105 F.3d 1090, 1101 (6th Cir. 1997), cert. denied, 522 U.S. 1075 (1998); Spinelli v. Gaughan, 12 F.3d 853, 857-58 (9th Cir. 1993).  The Court agrees substantially

---

[6]   In its reply brief, defendant suggests that the Court should re-examine whether plaintiff can maintain a claim for front pay in lieu of reinstatement. As explained in the Court's order of January 5, since Great-West, district courts have reached different conclusions whether a plaintiff can recover front pay under Section 502(a)(3). Compare De Pace v. Matsushita Elec. Corp., 257 F. Supp.2d 543, 565-66 (E.D.N.Y. 2003) (as alternative to reinstatement, front pay is equitable remedy); Kollman v. Hewitt Assocs., LLC, 2004 WL 1211961, at *4 (E.D. Pa. Apr. 14, 2004) (monetary damages may be appropriate alternative remedy to reinstatement) with Kollman v. Hewitt Assocs., LLC, 2005 WL 1941658, at *9 (E.D. Pa. Aug. 11, 2005) (sustaining motion for summary judgment on claim for front pay where no readily traceable funds over which constructive trust or other equitable remedy could be imposed); Serpa v. SBC Telecomms., Inc., 318 F. Supp.2d 865, 873-874 (N.D. Cal. 2004) (front pay and lost benefits are legal restitution which is unavailable under Section 502(a)(3) and Great-West). The Court need not address the issue at this stage because plaintiff's claim for reinstatement is clearly equitable in nature. See Lorillard v. Pons, 434 U.S. 575, 583 n.11 (1978) (judgments compelling employment, reinstatement or promotion are equitable). If plaintiff establishes that defendant violated ERISA, and reinstatement is not appropriate, the Court will address whether front pay is an appropriate alternative under ERISA.

[7]   Plaintiff also argues that because her claim for back pay is a legal one, she is entitled to a jury trial on all fact issues common between her legal and equitable claims. Because the Court grants summary judgment on plaintiff's claim for back pay, it need not address this argument.

8

with the reasoning of Spinelli:

> [N]othing in . . . the Seventh Amendment, or anywhere else [] prevents Congress from creating a cause of action for which only equitable relief is available. . . . The rights and remedies provided under ERISA are not merely a repackaging of existing rights. The right of an employee not to be discharged for exercising rights under ERISA has no precursor under federal law; the Seventh Amendment does not speak to whether a new cause of action must be legal or equitable. Insofar as section 510 displaces existing rights available under state law--as it well may--it does not merely relabel those rights by calling them equitable while leaving in place their essentially legal character. By limiting the remedies to those available in equity, Congress has changed what the dispute is about. Damages, which are the heart of many civil disputes, have been made unavailable. Instead, the plaintiff may obtain only those more flexible and discretionary remedies available to a court of equity. Mertens, 508 U.S. at ----, 113 S. Ct. at 2069. This is far more than a cosmetic change and the Seventh Amendment does not stand in the way.
>
> [Plaintiff ] also argues that Congress may not take away a plaintiff's legal claim under state law and replace it with a federal claim that is only equitable in nature. But we fail to see any constitutional impediment to such action. Congress surely can preempt a state cause of action, be it legal or equitable: This is the very nature of federal supremacy. Once Congress has chosen to preempt the state claim, it's free to give affected individuals a full federal claim, a claim providing only for remedies limited to equity, a damages claim only, or no claim at all. The Seventh Amendment, again, does not stand in the way.

Spinelli, 12 F.3d at 857-58 (footnote omitted). The Court therefore sustains defendant's motion as to plaintiff's demand for a jury trial.

**IT IS THEREFORE ORDERED** that Defendant's Motion For Partial Summary Judgment (Doc. #29) filed May 3, 2006 be and hereby is **SUSTAINED**. The Court grants summary judgment in favor of defendant on plaintiff's claims for back pay and lost benefits. In addition, the Court strikes plaintiff's demand for a jury trial.

Dated this 14th day of August, 2006 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Court

9